**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50504 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-01121-RGK-1 |
| v. | |
| FAUSTO TURCIOS CALDERON, AKA Fausto Calderon, AKA Juan Carlos Calderon, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted June 9, 2011[**]
Pasadena, California

Before: BEEZER, TROTT, and RYMER, Circuit Judges.

Fausto Turcios Calderon appeals the district court's imposition in 2009 of a

below-Guidelines sentence for illegal reentry after deportation in violation of 8

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1326.  We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

After the district court sentenced Turcios Calderon to 48 months in prison, the United States Sentencing Commission added Application Note 8 to § 2L1.2 of the United States Sentencing Guidelines.  This Application Note states that cultural assimilation may be, in certain § 1326 cases, an appropriate basis for a downward departure.  See U.S. Sentencing Guidelines Manual § 2L1.2 cmt. n.8 (2010).  Turcios Calderon argues that the Application Note is retroactive and that his sentence should be vacated and remanded so the district court can consider the new Application Note at resentencing.

We do not reach the question of whether Application Note 8 is retroactive because -- even assuming it is retroactive -- the district court already considered cultural assimilation in imposing Turcios Calderon's below-Guidelines sentence.  Our law has recognized since 1998 the authority of a sentencing court to depart downward based on a defendant's cultural assimilation if the cultural ties to the United States so warrant.  United States v. Lipman, 133 F.3d 726, 730-32 (9th Cir. 1998).

At sentencing, Turcios Calderon argued under Lipman that his cultural and family ties -- including the age at which he came to the United States, his long

residency in this country, his attendance of school here, and the citizen status of his family members -- justified a sentence below the Guidelines range. The district court's remarks at the sentencing hearing reveal that the district court considered and accepted that argument, imposing a sentence a full 22 months below the low end of the Guidelines range of 70 to 87 months.

Turcios Calderon's other argument, that his 48-month sentence is substantively unreasonable, fails because the district court appropriately exercised its discretion in determining the length of the sentence. See United States v. Carty, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). Because we are dealing with a non-Guidelines sentence, "we are to 'give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). Turcios Calderon's extensive criminal history certainly justifies the district court's decision not to grant a greater downward departure. Turcios Calderon asked the district court for a sentence "significantly lower than the guideline sentence" -- which is exactly what he got.

AFFIRMED.